IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  16-MJ-01051-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VINCENT MATHEWS,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on April 13, 2016.  The court has taken judicial notice of the court's file and the pretrial services report.  In addition, the court has considered the testimony and credibility of Special ATF Agent Mark Feltz and Federal Public Defender Investigator Rizka Morgan-Sherman and the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by

the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

   (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Criminal Complaint with Conspiracy to

Commit Robbery Affecting Commerce in violation of 18 U.S.C. § 1951(a).

Second, I find that probable cause exists as to the charge of Conspiracy to Commit Robbery Affecting Commerce based upon the evidence presented during this hearing. *See* record of this hearing.

Third, I find that nature of the charge in this case involves Conspiracy to Commit Robbery Affecting Commerce.

Fourth, I find that defendant informed Pretrial Release that he is self employed detailing cars and his company is Domestic Matters Mobile Car Detailing but he has no income reported for this business.  Defendant's last reported income was for the second quarter of 2015 by Rocky Mountain Hardscape.  Defendant has suffered juvenile adjudications for Second Degree Burglary of a Dwelling (felony) and Menacing Real/Simulated Weapon (felony).  Defendant has suffered adult convictions for Possession of a Schedule II Controlled Substance Over One Gram (felony); Possession of a Weapon by a Previous Juvenile Offender (felony); and Theft Receiving $20,000 or More (felony). Defendant has suffered one prior Failure to Appear; one prior Failure to Pay; and one prior Failure to Comply all resulting in warrants being issued.  Defendant has had his probation revoked on two separate occasions. There is currently a parole hold on defendant from Denver County District Court Case nos. 09-cr-1994 and 11-cr-3760. Defendant was on intensive supervision probation with GPS tracking at the time of the alleged offense in this case. Defendant is a flight risk and a danger to community.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community  Accordingly, I order that the defendant be detained without bond.

Done this 13th day of April 2016.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge